```
FILED IN
OPEN COURT
5/26/04
M. Johnson
Deputy Clerk
```

U.S. Department of Justice

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

Main Reception: (617) 748-3100

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

May 26, 2004

Syrie Fried, Esq.
Federal Defender Services
408 Atlantic Avenue
Boston, MA 02110

    Re:  <u>UNITED STATES v. MARCOS PITH DEOLIVEIRA ROCHA</u>
         Criminal No. 04-CR-10001-RGS

Dear Ms. Fried:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Marcos Pith Deoliveira Rocha("Defendant"), in the above-captioned case. The Agreement is as follows:

    1.    <u>Change of Plea</u>

At the earliest practicable date, Defendant shall plead guilty to all seven counts of the Indictment, charging him with Producing False Identification Documents, Transferring False Identification Documents, and Possessing Document Making Implements for Production of False Identification Documents. Defendant expressly and unequivocally admits that he in fact knowingly and intentionally committed the crimes charged in the Indictment, and is in fact guilty of those offense.

    2.    <u>Penalties</u>

Defendant faces the following maximum penalties for each count: fifteen years imprisonment, five years supervised release, a $250,000 fine and a $100 special assessment.

Defendant may also be deportable and/or excludable by the United States Immigration and Customs Enforcement as a

consequence of his conviction of the offenses to which he is pleading guilty.

3. Sentencing Guidelines

The United States Attorney will take the following position at sentencing under the United States Sentencing Guidelines:

Under Section 2L2.1, Defendant has a base offense level of 11. An increase of 3 levels is applicable pursuant to U.S.S.G. § 2L2.1(2)(A) because the offense involved more than 6 and fewer than 24 documents, for a total offense level of 14.

Based on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by two levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

(a) Fails to admit a complete factual basis for the plea;

(b) Fails to truthfully admit his conduct in the offense of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(d) Fails to provide truthful information about his financial status;

(e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(f) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(g) Intentionally fails to appear in Court or violates any condition of release;

 (h) Commits a crime;

 (i) Transfers any asset protected under any provision of this Agreement; and/or

 (j) Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of this Agreement.

4. <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence before the District Court:

 a) a period of incarceration at the low-end of the applicable guideline range;

 b) a period of supervised release of 24 months;

 c) a low-end fine, unless the court finds pursuant to U.S.S.G. § 5E1.2(e) that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

 d) no restitution;

 e) forfeiture as set forth in paragraph 7;

 f) $700 mandatory special assessment.

The defendant reserves the right to move at sentencing for a departure from the applicable guideline sentence range and agrees to provide the U.S. Attorney with at least 14 days notice of the grounds for such a motion.

In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in

which the District Court determines it.

5. Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6. Court Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

7. Forfeiture

Defendant will forfeit to the United States any and all assets subject to forfeiture pursuant to 18 U.S.C. §§ 1028(b)(5), 982(a)(2)(B), 981(a)(1)(c) and 28 U.S.C. § 2461(c) as a result of his guilty plea. The assets to be forfeited include, but are not limited to, cash, stocks, bonds, certificates of deposit, tangible and intangible personal property and real estate.

The assets to be forfeited specifically include, without limitation, the following: the HP Pavilion Central Processing Unit computer, the HP PSC 2175, and $800 in U.S. Currency seized from Apartment 1, 58 Copeland Street, Quincy, Massachusetts on or about December 17, 2003. Defendant admits that these assets are subject to forfeiture on the grounds that the property (a) was used, or intended to be used, to commit the crimes charged in Counts One through Seven of the Indictment, (b) constitutes, or was derived from, proceeds obtained as the result of the crimes charged in Counts One through Seven of the Indictment, and (c) constitutes or is derived from proceeds traceable to the crimes charged in Counts One through Seven of the Indictment. Defendant therefore consents to the forfeiture of all of Defendant's

interests in all such forfeitable assets to the United States. The forfeitures may be carried out criminally, civilly, or administratively in the government's discretion.

Defendant shall promptly take whatever steps are deemed necessary by the U.S. Attorney to transfer possession of, and clear title to, all forfeitable assets to the United States. Such steps may include, but are not limited to, executing and surrendering all title documents, and signing consent decrees of forfeiture, deeds, sworn statements relating the factual bases for forfeiture, and any other documents deemed necessary by the government to complete the criminal, civil, or administrative forfeiture proceedings which may be brought against the assets identified in this section and against any other forfeitable assets involved in or related to any of the criminal acts charged in the Indictment.

Defendant hereby acknowledges and agrees that the United States is not limited to forfeiture of the assets specifically listed in this section. If the U.S. Attorney determines that any directly forfeitable assets of Defendant cannot be located upon exercise of due diligence, or have been transferred or sold to, or deposited with, a third party, placed beyond the jurisdiction of the Court, substantially diminished in value, or commingled with other property which cannot be divided without difficulty, then the United States shall be entitled to forfeit as "substitute assets" any other assets of Defendant up to the value of the directly forfeitable assets fitting any of the categories described in this sentence.

Defendant shall deliver to the U.S. Attorney within thirty days after signing this Agreement a sworn financial statement, executed under the pains and penalties of perjury, fully and truthfully disclosing the existence, nature and location of all assets in which Defendant currently has any legal or beneficial interest, and all assets over which Defendant has exercised control, or has had any legal or beneficial interest, at any time from November 19, 2003 through the present. At the request of the U.S. Attorney, Defendant further agrees to be deposed with respect to Defendant's assets.

Forfeiture of substitute assets shall not be deemed an alteration of Defendant's sentence. The forfeitures set forth herein shall not satisfy or offset any fine, restitution, cost of imprisonment, or other penalty imposed upon Defendant, nor shall the forfeitures be used to offset Defendant's tax liability or any other debt owed to the United States.

In addition to all other waivers or releases set forth in this Agreement, Defendant hereby waives any and all claims

arising from or relating to the forfeitures set forth in this section, including, without limitation, any claims arising under the Double Jeopardy Clause of the Fifth Amendment, or the Excessive Fines Clause of the Eighth Amendment, to the United States Constitution, or any other provision of state or federal law.

The United States District Court for the District of Massachusetts shall retain jurisdiction to enforce the provisions of this section.

8. <u>Information For Presentence Report</u>

Defendant agrees to provide all information requested by the U.S. Probation Office concerning his assets.

9. <u>Civil Liability</u>

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

10. <u>Rejection of Plea By Court</u>

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

11. <u>Breach of Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes,

any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

12. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

13. <u>Complete Agreement</u>

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Seth P. Berman.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
JAMES B. FARMER
Assistant U.S. Attorney
Chief,
Criminal Division

STEPHEN P. HEYMANN
Assistant U.S. Attorney
Deputy Chief,
Criminal Division

SETH P. BERMAN
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have had this letter read to me in its entirety in my native language and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

*Marcos Pith de O. Rocha*
MARCOS PITH DEOLIVEIRA ROCHA
Defendant

Date: 5/26/04

I certify that MARCOS PITH DEOLIVEIRA ROCHA has had this letter read to him in its entirety in his native language and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

*Syrie D. Fried*
Syrie Fried, Esq.
Attorney for Defendant

Date: 5/26/04