UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA,      )
          Plaintiff,           )
                               )
     v.                        )    CRIMINAL NO. 04-10001-RGS
                               )
MARCOS PITH DEOLIVEIRA ROCHA,  )
     a/k/a LUCAS VALADARES,    )
          Defendant.           )
```

**MOTION AND BRIEF OF THE UNITED STATES
FOR ISSUANCE OF A PRELIMINARY ORDER OF FORFEITURE**

The United States, by and through its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, hereby moves that this Court issue a Preliminary Order of Forfeiture in the above-captioned case pursuant to 21 U.S.C. § 853, as incorporated by 18 U.S.C. §§ 981 and 982, and 28 U.S.C. § 2461(c).  A proposed Preliminary Order is submitted herewith.  In support thereof, the United States sets forth the following:

     1.   On or about January 7, 2004, a federal grand jury sitting in the District of Massachusetts returned an eight count Indictment charging defendant Marcos Pith De Oliveira Rocha (the "Defendant"), with the following violations:  Producing False Identification Documents, in violation of 18 U.S.C. § 1028(a)(1) and (b)(1), and Aiding and Abetting, in violation of 18 U.S.C. § 2, (Counts One, Three, and Five); Transferring False Identification Documents, in violation of 18 U.S.C. § 1028 (a)(2) and (b)(1), and Aiding and Abetting, in violation of 18 U.S.C.

§ 2, (Counts Two, Four, and Six); Possession of Document-Making Implements for Production of False Identification Documents, in violation of 18 U.S.C. § 1028(a)(5) and (b)(1), and Aiding and Abetting, in violation of 18 U.S.C. § 2, (Count Seven); and Criminal Forfeiture, pursuant to 18 U.S.C. § 1028(b)(5), 18 U.S.C. §§ 981(a)(1)(c), and 982(a)(2)(B), and 28 U.S.C. § 2461(c), (Count Eight).

    2.   The Indictment sought the forfeiture, as a result of committing one or more of the false identification document offenses alleged in Counts One through Seven of the Indictment, of (1) any personal property used or intended to be used to commit the offense, pursuant to 18 U.S.C. § 1028(b)(5); (2) any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of one or more of the offenses, pursuant to 18 U.S.C. § 982(a)(2)(B); and (3) any property, real or personal, which constitutes or is derived from proceeds traceable to one or more of the offenses, pursuant to 18 U.S.C. § 981(a)(1)(c), and 28 U.S.C. § 2461(c). Such property includes, but is not limited to, the following assets seized from Apartment 1, 58 Copeland Street, Quincy, Massachusetts, on or about December 17, 2003:

        (a)   Any and all equipment including, but not limited to, computers, including an HP Pavilion Central Processing Unit, and printers/scanners/copiers, including an HP PSC; and

        (b)   Approximately $2,000.00 in United States Currency.

3.  On or about May 26, 2004, the Defendant entered a plea of guilty to Counts One through Seven of the Indictment, and the parties agreed that the Defendant would specifically forfeit, without limitation, to the United States the following:

    (a)  One HP Pavilion Central Processing Unit computer;

    (b)  One HP PSC 2175; and

    (c)  $800.00 in United States Currency,

(collectively referred to as the "Defendant Properties").

4.  Further, and in accordance with the Indictment, if any of the Defendant's assets that are subject to forfeiture, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) have been transferred or sold to, or deposited with a third party; (c) have been placed beyond the jurisdiction of the Court; (d) have been substantially diminished in value; or (e) have been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(2).

5.  By virtue of the Defendant's guilty plea and pursuant to 21 U.S.C. § 853(a), as incorporated by 18 U.S.C. § 982, and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Defendant Properties, or substitute assets, in a value up to the value of the Defendant Properties.  See Rule

32.2(b)(2); 21 U.S.C. § 853(p); <u>United States v. Candelaria-Silva</u>, 166 F.3d 19, 41 (1st Cir. 1999).

    6.   Upon the issuance of a Preliminary Order of Forfeiture, the United States will provide written notice to all third parties asserting a legal interest in the Defendant Properties and will publish notice in a newspaper of general circulation of the Court's Order and of the Unites States' intent to dispose of the Defendant Properties in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n), as incorporated by 18 U.S.C. § 982.

    WHEREFORE, the United States respectfully moves that this Court enter a Preliminary Order of Forfeiture against the Defendant Properties in the form submitted herewith.

                                  Respectfully submitted,

                                  MICHAEL J. SULLIVAN
                                United States Attorney,


                                <u>/S/KRISTINA E. BARCLAY</u>
                                SETH P. BERMAN
                                KRISTINA E. BARCLAY
                                Assistant U.S. Attorneys
                                United States Courthouse
                                Suite 9200
                                1 Courthouse Way
                                Boston, MA 02210
Date: May 28, 2004            (617) 748-3100

CERTIFICATE OF SERVICE

    I certify that I have served a true copy of the foregoing upon Syrie Fried, Esquire, Federal Defender Services, 408 Atlantic Avenue, Boston, Massachusetts 02210, as counsel for Defendant Marcos Pith De Oliveira Rocha, by first class mail.

                                          /s/ KRISTINA E. BARCLAY
                                          KRISTINA E. BARCLAY
                                          Assistant U.S. Attorney

Dated: May 28, 2004