UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>MARCOS PITH DEOLIVEIRA ROCHA,<br>    a/k/a LUCAS VALADARES,<br>        Defendant. | CRIMINAL NO. 04-10001-RGS |

**FINAL ORDER OF FORFEITURE**

STEARNS, D.J.,

WHEREAS, on or about January 7, 2004, a federal grand jury sitting in the District of Massachusetts returned an Eight Count Indictment charging defendant Marcos Pith De Oliveira Rocha (the "Defendant" or "Rocha"), with the following violations: Producing False Identification Documents, in violation of 18 U.S.C. § 1028(a)(1) and (b)(1), and Aiding and Abetting, in violation of 18 U.S.C. § 2, (Counts One, Three, and Five); Transferring False Identification Documents, in violation of 18 U.S.C. § 1028 (a)(2) and (b)(1), and Aiding and Abetting, in violation of 18 U.S.C. § 2, (Counts Two, Four, and Six); and Possession of Document-Making Implements for Production of False Identification Documents, in violation of 18 U.S.C. § 1028(a)(5) and (b)(1), and Aiding and Abetting, in violation of 18 U.S.C. § 2, (Count Seven);

AND WHEREAS, the Indictment also included a Forfeiture Count, charging the Defendant with Criminal Forfeiture, pursuant

to 18 U.S.C. § 1028(b)(5), 18 U.S.C. §§ 981(a)(1)(c), and 982(a)(2)(B), and 28 U.S.C. § 2461(c), (Count Eight);

AND WHEREAS, the Indictment sought the forfeiture, as a result of committing one or more of the false identification document offenses alleged in Counts One through Seven of the Indictment, of (1) any personal property used or intended to be used to commit the offense, pursuant to 18 U.S.C. § 1028(b)(5); (2) any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of one or more of the offenses, pursuant to 18 U.S.C. § 982(a)(2)(B); and (3) any property, real or personal, which constitutes or is derived from proceeds traceable to one or more of the offenses, pursuant to 18 U.S.C. § 981(a)(1)(c), and 28 U.S.C. § 2461(c), including, but not limited to, the following assets seized from Apartment 1, 58 Copeland Street, Quincy, Massachusetts, on or about December 17, 2003:

    (a) Any and all equipment including, but not limited to, computers, including an HP Pavilion Central Processing Unit, and printers/scanners/copiers, including an HP PSC; and

    (b) Approximately $2,000.00 in United States Currency;

AND WHEREAS, on or about May 26, 2004, the Defendant entered a plea of guilty to Counts One through Seven of the Indictment, and the parties agreed that the Defendant would specifically forfeit, without limitation, to the United States, the following:

    a. One HP Pavilion Central Processing Unit computer;

2

      b.    One HP PSC 2175; and

      c.    $800.00 in United States Currency,

(collectively referred to as the "Defendant Properties");

AND WHEREAS, on or about June 2, 2004, this Court issued a Preliminary Order of Forfeiture, pursuant to 21 U.S.C. § 853(a), as incorporated by 18 U.S.C. § 982, and Rule 32.2 of the Federal Rules of Criminal Procedure, against the Defendant's interests in the Defendant Properties;

AND WHEREAS, on or about August 5, 2004, a sentencing hearing was held whereby Rocha was convicted of Counts One through Seven of the Indictment and was sentenced to a term of ten months incarceration;

AND WHEREAS, on or about December 8, 2004, this Court issued an Amended Judgment in a Criminal Case and declared that Rocha shall forfeit the Defendant Properties as outlined in the June 2, 2004 Preliminary Order of Forfeiture, as the Defendant Properties were subject to forfeiture based upon the Defendant's conviction;

AND WHEREAS, on December 16, 2004, December 23, 2004, and December 30, 2004, a Notice of Order of Forfeiture was published in the <u>Boston Herald</u> Newspaper pursuant to 21 U.S.C. § 853(n), as incorporated by 18 U.S.C. § 982;

AND WHEREAS, by virtue of the Defendant's guilty plea and subsequent conviction on Counts One through Seven of the Indictment, the United States is now entitled to any and all

interest the Defendant has in the Defendant Properties;

AND WHEREAS, to date, no other claims of interest in the Defendant Properties have been filed with the Court and the time within which to do so has expired.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. The United States' Motion for a Final Order of Forfeiture is allowed.

2. The United States of America is now entitled to the forfeiture of all right, title or interest in the Defendant Properties and they are hereby forfeited to the United States of America pursuant to the provisions of 21 U.S.C. § 853, as incorporated by 18 U.S.C. § 982.

3. Any parties having any right, title or interest in the Defendant Properties are hereby held in default.

4. The United States is hereby authorized to dispose of the Defendant Properties in accordance with applicable law.

DONE AND ORDERED in Boston, Massachusetts, this **11th** day of **April**, 2005.

Dated:

RICHARD G. STEARNS
United States District Judge